```
                    IN THE UNITED STATES DISTRICT COURT
                    FOR THE SOUTHERN DISTRICT OF TEXAS
                           CORPUS CHRISTI DIVISION
```

ALUCHEM, INC.,                         §
                                       §
    Plaintiff,                     §      Civil Action
                                       §      No. C-06-183
v.                                     §      No. C-06-210
                                       §
SHERWIN ALUMINA L.P., HOUSHANG         §
SHAMS, MARK LIU, JERRY HOOPER,         §
                                       §
    Defendants.                    §

## ORDER

On April 2, 2007, the Court held a telephone conference regarding pending discovery disputes in the above-styled action. At the conference, the Court made the following ORDERS in this case:

1. Per agreement of the parties, AluChem, Inc.'s ("AluChem") conspiracy to defraud claim against all Defendants is hereby DISMISSED without prejudice.

2. By Thursday, April 19, 2007, Individual Defendants Houshang Shams, Jerry Hooper and Mark Liu must each provide to AluChem a sworn statement providing their net worth.

3. By Friday, April 6, 2007, at 2:00 p.m., AluChem must provide the following documents to Sherwin Alumina, L.P. ("Sherwin Alumina"): all intra-company and inter-company[1] e-mails and memoranda from October 1, 2005 until May 3, 2006, relating to Sherwin Alumina's possible inability to meet its contractual

---

[1] Inter-company refers to AluChem and its affiliates, including but not limited to AluChem of Jackson, Inc.

    obligations under the Supply Agreement[2], including but not limited to Sherwin Alumina's environmental concerns and permit violations related to kiln 8.

4. By Friday, April 6, 2007, at 2:00 p.m., AluChem must provide AluChem's year 2006 combined financial statements to Sherwin Alumina. (This does not include the individual net worth of AluChem's owners).

5. Sherwin Alumina has previously provided a privilege log to AluChem. AluChem has taken the position that certain of the documents listed on the log are not privileged, and AluChem has requested those documents.[3] By Friday, April 6, 2007 at 2:00 p.m., Sherwin Alumina is hereby ORDERED to file the following documents with the Court: (1) Sherwin Alumina shall file under seal the documents AluChem claims are not privileged; and (2) Sherwin Alumina shall file a document (not under seal), indicating its basis for claiming privilege for each of the documents filed with the Court.[4]

---

[2] The Supply Agreement refers to the contract between AluChem and Sherwin Alumina, signed in July, 2002 by Edward Butera for AluChem and Lewis Patterson for Sherwin Alumina.

[3] AluChem indicated at the conference that it had sent Sherwin Alumina a marked copy of Sherwin Alumina's privilege log, indicating the documents that AluChem claims are not privileged and that AluChem is requesting from Sherwin Alumina. At the conference, Sherwin Alumina acknowledged receipt of the marked privilege log from AluChem.

[4] Sherwin Alumina may identify the documents filed with the Court by bates number and/or by reference to the marked privilege log received from AluChem.

6. By Thursday, April 12, 2007, Sherwin Alumina must present for deposition one or more corporate 30(b)(6) representatives to testify on the following topics: (1) Sherwin Alumina's seven remaining affirmative defenses in this case[5]; and (2) to walk AluChem through Sherwin Alumina's consolidated financial statements, which were recently provided to AluChem in March, 2007.

7. By Wednesday, April 4, 2007, at the start of Ed Butera's deposition, AluChem must produce to Sherwin Alumina all of Ed Butera's handwritten notes relating to negotiations between AluChem and Sherwin Alumina that took place in May, 2006.[6]

8. The parties' Joint Pretrial Order in this case is now due on Monday, April 16, 2007 at 3:00 p.m.

SIGNED and ENTERED this 3rd day of April, 2007.

_____
Janis Graham Jack
United States District Judge

---

[5] Sherwin Alumina's seven remaining affirmative defenses are set forth as follows: (1) failure to mitigate damages; (2) limitation of liability, based on the Supply Agreement, Attach. 1, ¶ 3; (3) AluChem's lack of standing to assert claims under the Texas Deceptive Trade Practices Act; (4) accord and satisfaction and/or voluntary payment; (5) a claim that AluChem is barred by its own conduct and failure to comply with contractual provisions; (6) waiver and estoppel; and (7) constitutional limitation on exemplary damages.

[6] The Court notes that it makes no finding that any new contract was ever entered into between Sherwin Alumina and AluChem in 2006.