IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

|  |  |  |
|---|---|---|
| ALUCHEM, INC., | § § § § | |
| Plaintiff, | § § | Civil Action No. C-06-183 |
| v. | § § | No. C-06-210 |
| SHERWIN ALUMINA L.P., HOUSHANG SHAMS, MARK LIU, JERRY HOOPER, | § § § | |
| Defendants. | § § § | |

## ORDER

On this day came on to be considered Sherwin Alumina, L.P.'s ("Sherwin Alumina") motion for reconsideration pursuant to Federal Rule of Civil Procedure 59(e) (D.E. 127). Sherwin Alumina moves the Court to amend its Order entered March 19, 2007 (D.E. 107), granting AluChem, Inc.'s ("AluChem") first motion for summary judgment (reinstated D.E. 16). Specifically, Sherwin Alumina asks the Court to alter or amend the portion of its Order finding that there is no genuine issue of material fact that Sherwin Alumina was not entitled to declare force majeure under the terms of the Supply Agreement entered into between Sherwin Alumina and AluChem. For the reasons set forth below, Sherwin Alumina's motion for reconsideration is hereby DENIED.

A Rule 59(e) motion is one that seeks to "alter or amend" a previous judgment entered by the Court. Fed. R. Civ. P. 59(e). "Reconsideration of a judgment after its entry is an extraordinary

remedy that should be used sparingly." Templet v. HydroChem Inc., 367 F.3d 473, 479 (5th Cir. 2004). The Fifth Circuit has held "that such a motion is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." Id.; see also Simon v. United States, 891 F.2d 1154, 1159 (5th Cir. 1990) ("These motions cannot be used to raise arguments which could, and should, have been made before the judgment issued"). Rather, Rule 59(e) "serves the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence." Templet, 367 F.3d at 479 (citing Waltman v. Int'l Paper Co., 875 F.2d 468, 473 (5th Cir. 1989)). A Rule 59(e) motion "must clearly establish either a manifest error of law or fact or must present newly discovered evidence" that was not available before the judgment issued. See Schiller v. Physicians Res. Group Inc., 342 F.3d 563, 567-68 (5th Cir. 2003) (citing Rosenzweig v. Azurix Corp., 332 F.3d 854, 863-64 (5th Cir. 2003)).

In this case, Sherwin Alumina has not presented any new evidence that was not on file and considered by the Court when the Court entered its March 19, 2007 Order (D.E. 107). Rather, Sherwin Alumina cites to various exhibits to Sherwin Alumina's two responses to AluChem's motions for summary judgment (D.E. 29, 101). These exhibits were all before the Court well prior to entry of the Court's Order granting AluChem's first motion for summary judgment.

Moreover, in its motion for reconsideration, Sherwin Alumina essentially re-asserts its previous arguments regarding its force majeure claim. These arguments have been asserted numerous times in this litigation, and they were considered and rejected by the Court in its March 19, 2007 Order. These arguments are not proper grounds for a Rule 59(e) motion, because such a motion "is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." Templet, 367 F.3d at 479.

For the reasons detailed in the Court's March 19, 2007 Order (D.E. 107), the Court again reiterates that the undisputed facts show that Sherwin Alumina was not entitled to declare force majeure under the terms of the Supply Agreement. Sherwin Alumina's Rule 59(e) motion for reconsideration (D.E. 127) is hereby DENIED.

SIGNED and ENTERED this 3rd day of April, 2007.

_____
Janis Graham Jack
United States District Judge